■ STATE OF NEW YORK, Appellant, v JOHN D. WILLIS et al., Respondents. — Appeal from an order of the Supreme Court at Special Term (Connor, J.), entered May 3, 1983 in Albany County, which denied plaintiff's motion for summary judgment and defendants' cross motion for a continuance. ¶ Defendants are environmental activists who, on August 31, 1982, in order to protest river pollution, rappelled down Terrapin Point at Niagara Falls to a ledge on a gorge wall where, despite being importuned by Niagara Frontier State Park Police to climb up, they remained overnight. After 24 hours, they ascended, unaided. In the interim, the Niagara Frontier Rescue Team had been mobilized for the purpose of effectuating a rescue if the occasion arose. That the point from which defendants descended was closed to the public due to unstable and deteriorating rock conditions was clearly manifested by signs and a snow fence warning the public not to enter the area. When defendants came out of the gorge, they were arrested and charged with disorderly conduct, refusing the lawful and reasonable requests of a police officer, and interfering with governmental administration. They pleaded guilty to trespass and each paid the fine assessed. ¶ Relying on section 13.30 of the Parks, Recreation and Historic Preservation Law, effective July 13, 1982, the State then brought this suit to recover expenses allegedly incurred in mobilizing the rescue team and maintaining a round-the-clock vigil over defendants. Section 13.30 of said law allows for such a suit; it provides that "a person whose negligent, willful or reckless conduct results in an expenditure by the office [of Parks and Recreation] for the purpose of effectuating a rescue shall be liable for the amount of such expenditure and shall reimburse the office therefor". This legislation was enacted to enable the State to secure reimbursement for resources extended by it in implementing rescue operations where the State, though morally obligated to act, has no legal duty to do so. Illustrative of an event giving impetus to the need for this legislation is the not insignificant costs suffered by the

State in rescuing a man who attempted to cross Niagara Falls in a metal cylinder. Since the circumstances detailed in the moving affidavits herein present just such a situation, summary judgment in plaintiff's behalf would not be inappropriate. It appears, however, that on the adjourned return date of plaintiff's motion, Special Term, having concluded that summary judgment was unavailable, denied as moot defendants' cross motion for a continuance to enable defendants to interpose answering affidavits detailing evidentiary facts in opposition to the summary judgment motion. A remittal for the purpose of affording defendants that opportunity is required. Inasmuch as the State has made a prima facie case for summary judgment on the issue of liability, if defendants fail to raise a material question of fact, summary judgment on the issue of liability should be granted. ¶ Order reversed, on the law, without costs, and matter remitted to Special Term for the purpose of allowing defendants to submit answering affidavits. Kane, J. P., Main, Weiss, Mikoll and Yesawich, Jr., JJ., concur.